U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

AUG 2 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROBERT M. DAVIS and GLENDA C. DAVIS | : | CIVIL ACTION NO. 2:06-cv-2120 |
| VERSUS | : | JUDGE MINALDI |
| USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY, and UNITED SERVICES AUTOMOBILE ASSOCIATION | : | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court is defendant USAA General Indemnity Company's (hereinafter "USAA GIC") Motion for Summary Judgment [doc. 26]. USAA GIC argues that Robert and Glenda Davis (hereinafter "the plaintiffs") failed to provide a timely proof of loss and thus federal law precludes any further benefits payable under a Standard Flood Insurance Policy (hereinafter "SFIP"). The plaintiffs "concede the exhaustively briefed, well-settled jurisprudence regarding the statutory prerequisite of filing a sworn proof of loss."[1] The plaintiffs, however, do argue that the remaining damages were caused by wind, and seek a partial summary judgment ruling declaring that all remaining damages were not caused by flood [doc. 30].[2]

## FACTS

The plaintiffs' lawsuit arises out of the flooding caused to their property by Hurricane

---

[1] Pl.'s Cross Mot. For Partial Summ. J. [doc. 30], at 7.

[2] The plaintiffs' Opposition and Memorandum in Support of Cross Motion For Partial Summary Judgment are identical.

1

Rita on September 24, 2005.[3] At the time of the hurricane, the plaintiffs held a National Flood Insurance Program (hereinafter "NFIP") SFIP issued by USAA GIC as a Write-Your-Own (hereinafter "WYO") program carrier. The plaintiffs filed a claim for benefits under the SFIP, and USAA GIC assigned an independent adjuster who determined that there were flood damages of $13,678.22.[4] The plaintiffs dispute this value and seek payment of additional funds under the SFIP.[5] It is uncontested that the plaintiffs did not submit a sworn proof of loss in support of the additional amounts they seek through this lawsuit.[6]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The movant bears the initial burden for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant fails to meet this burden, the court must deny the motion. *Id.*

If the movant, however, satisfies this burden, the nonmoving party must then "designate

---

[3] Def.'s Statement of Uncontested Facts ¶ 1.

[4] Def.'s Ex. B, p. 43, lines 2-5.

[5] Compl. ¶¶ 8, 9, 11 [doc. 1].

[6] Def.'s Ex. F (Robert Davis Dep.) pp 54-55, line 19; Pl.'s Cross Mot. For Partial Summ. J. [doc. 30], at 7.

specific facts showing that there is a genuine issue for trial." *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## GOVERNING LAW

Congress established the NFIP to provide flood insurance coverage to homeowners at or below market rates. *Gowland v. Aetna Flood Ins. Program et al.*, 143 F.3d 951, 953 (5th Cir. 1998). The program is operated by the Federal Emergency Management Agency ("FEMA") and is supported by the federal treasury. *Id.* NFIP policies may only be issued through FEMA or through WYO companies acting as fiscal agents of the U.S. government. *Id.* FEMA fixes all of the terms and conditions of WYO policies, and insurers may not waive or alter any provision of a SFIP without the express consent of the Federal Insurance Administrator. *Id.* (holding that "an insured's failure to provide a complete, sworn proof of loss statement relieves the insurer's obligation to pay what otherwise might be a valid claim.")

The SFIP requires a policy holder to submit a signed and sworn proof of loss within sixty (60) days; however, in the wake of Hurricane Katrina, FEMA extended the time period to one year. FEMA Bulletin W-06003 (Aug. 31, 2005). The Fifth Circuit recently reaffirmed *Gowland's* holding that a sworn and signed proof of loss must be submitted as a condition precedent to filing suit to claim U.S. treasury funds. *Richardson v. Am. Bankers Ins. Co.*, 2008 WL 510518, at *2 (5th Cir. 2/27/08) (holding that the insured was required to submit a sworn proof of loss within one year of the date of his loss). Moreover, the Fifth Circuit has refused to

3

recognize equitable doctrines to permit recovery because "the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced." *Gowland*, 143 F.3d at 954; *see also Richardson*, 2008 WL 510518, at *2-3.

## ANALYSIS

### I. USAA GIC'S MOTION FOR SUMMARY JUDGMENT

The federal law in this area is clear. USAA GIC is a WYO and issued the plaintiffs a SFIP governed by the terms of the NFIP. Accordingly, the plaintiffs were required to file a proof of loss as a condition precedent to filing suit. Because it is uncontested that the plaintiffs failed to do so, and because "the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced," summary judgment in favor of USAA GIG is appropriate.

### II. PLAINTIFFS' CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT

The plaintiffs state that there is no evidence that the remaining damage was caused by flood, and thus seek a partial summary judgment ruling that the remaining damages were not caused by flood. Summary judgment is only appropriate when there is no material issue of fact and the moving party is entitled to judgment as a matter of law. The plaintiffs do not indicate that they are entitled to judgment as a matter of law; they simply want this Court to issue a ruling on an issue of fact. Finding summary judgment inappropriate, this Court hereby denies the plaintiffs' motion; accordingly,

IT IS ORDERED that the Motion For Summary Judgment [doc. 26], filed by USAA GIG is hereby GRANTED;

IT IS FURTHER ORDERED that the plaintiffs' Cross-Motion For Partial Summary

Judgment [doc. 30] is hereby DENIED.

Lake Charles, Louisiana, this 26 day of August, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE