U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP - 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROBERT M. DAVIS and GLENDA C. DAVIS | : | CIVIL ACTION NO. 2:06-cv-2120 |
| VERSUS | : | JUDGE MINALDI |
| USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY, and UNITED SERVICES AUTOMOBILE ASSOCIATION | : | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Before the Court is defendant USAA Casualty Insurance Company's (hereinafter "USAA Casualty") Motion For Summary Judgment [doc. 33]. The plaintiffs, Robert and Glenda Davis, filed an Opposition [doc. 35]. USAA Casualty filed a Reply [doc. 36]. USAA Casualty seeks a summary judgment ruling that the pre-2006 version of La. Rev. Stat. Ann. § 22:658 applies should the plaintiffs recover, as well as a summary judgment ruling that USAA Casualty's denial of the plaintiffs' claim was not in bad faith and the plaintiffs cannot recover pursuant to La. Rev. Stat. Ann. §§ 22:658 and 22:1220.

### FACTS

The plaintiffs' lawsuit arises out of damages caused to their property by Hurricane Rita on September 24, 2005.[1] On July 12, 2006, the SEA Ltd., retained by the insurer to adjust the

---

[1] Compl. ¶ 1 [doc. 1].

1

plaintiff's loss, issued its report.[2] The plaintiffs alleged that they provided USAA Casualty with a proof of loss more than sixty days prior to the filing of their lawsuit.[3] The plaintiffs filed suit on September 22, 2006, pursuant to La. Rev. Stat. Ann. §§ 22:658(B)(1) and 22:1220(B)(5).[4]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The movant bears the initial burden for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant fails to meet this burden, the court must deny the motion. *Id.*

If the movant, however, satisfies this burden, the nonmoving party must then "designate specific facts showing that there is a genuine issue for trial." *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

---

[2] Def.'s Ex. B.

[3] *Id.* ¶ 6.

[4] *Id.*

2

## APPLICABILITY OF 2006 AMENDMENTS

After Hurricane Katrina, the Louisiana legislature amended La. Rev. Stat. Ann. § 22:658 twice by "substituting the words 'fifty percent' for 'twenty-five percent' and added 'as well as reasonable attorney fees and costs....'" *Sher v. Lafayette Ins. Co.*, __ So.2d __, 2008 WL 928486, *8 (La. 2008). This amendment became effective on August 15, 2006. *Id.* It is well-established that the 2006 amendments are not retroactive. *See id.* Under La. Rev. Stat. Ann. § 22:658, a cause of action accrues when the insurer allegedly failed to make payment on an insured's property damage claim thirty days after receiving a satisfactory proof of loss. *Broussard v. State Farm Fire & Cas. Ins. Co.*, 2007 WL 2264535, *8 (E.D. La. 08/02/07) (finding the pre-amendment amount applied, because, based on the plaintiffs' representation that they had submitted proof of loss "long before" filing suit on August 28, 2006, the fifty percent penalty provision was not enacted until after the insurer allegedly violated the statute). Moreover, proof of loss need not come from the insured, but may also come from the insurer's inspection of the property. *See Jonesboro Lodge v. Am. Central Ins. Co.*, 49 So.2d 740, 744 (La. 1950) (noting that proof of loss from the insured was unnecessary to hold the insurer liable for statutory penalties, where the insurer made an investigation and adjustment of the claim).

USAA Casualty claims that it is undisputed that in May 2006 it learned of additional foundation damage, conducted a re-inspection, and commissioned an engineer's report.[5] USAA Casualty thus argues that it had adequate proof of loss by May 2006, which triggered the statutory period. The plaintiffs do not respond to USAA Casualty's arguments on which version of La. Rev. Stat. Ann. § 22:658 applies. Additionally, plaintiffs alleged that they provided

---

[5] Def.'s Mem. in Support of Mot. For Summ. J., at 6.

3

USAA Casualty with a proof of loss more than sixty days prior to filing suit on September 22, 2006.[6] Accordingly, because the plaintiffs failed to provide competent summary judgment evidence that the cause of action accrued after August 15, 2006–which would trigger the amended version of La. Rev. Stat. Ann. § 22:658–this Court finds that, as a matter of law, any recovery of penalties under La. Rev. Stat. Ann. § 22:658 is limited to twenty-five percent of the amount found to be due under the policy, and an award of attorney fees is not available.

## BAD FAITH

La. Rev. Stat. Ann. §§ 22:658 and 22:1220 permit an insured to recover penalties when the insurer's conduct in handling the insured's claims was arbitrary, capricious, and without probable cause.

> The statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. Especially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist.

*Sher*, 2008 WL 928486, at *17 (noting that both statutes require proof that insurers were unjustified without reasonable or probable cause, in their failure to pay). "Whether a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action." *Id.* at *18. This inquiry is factual. *Id.*; *see also Calogero v. Safeway Ins. Co. of Louisiana*, 753 So.2d 170 (La. 2000).

In *Broussard*, the federal district court considered State Farm's Motion for Summary Judgment on La. Rev. Stat. Ann. §§ 22:658 and 22:1220. *Broussard*, 2007 WL 2264535, *6.

---

[6] Compl. ¶ 6 [doc. 1].

4

The plaintiffs submitted an unrebutted expert report concluding that they sustained wind damage of $232,062.13. *Id.* The plaintiffs also submitted evidence that, despite the State Farm adjuster's conclusion that the roof was "totaled," State Farm would not compensate the plaintiffs for damage resulting from wind or wind-driven rain that may have occurred below the water line, because the plaintiffs' property was also flooded. *Id.* Accordingly, the court denied summary judgment because the plaintiffs created a genuine issue of fact as to whether the insurer knew it owed the plaintiffs more money for wind damage but refused to pay within thirty or sixty days of receipt of satisfactory proof of loss. *Id.* at *7.

In *Hartenstein v. State Farm Fire & Cas. Ins. Co.*, the court denied State Farm's motion for summary judgment on whether it acted arbitrarily, capriciously, or in bad faith. 2008 WL 2397713, at *3 (E.D. La. 06/10/08). Noting that, although summary judgment is appropriate when there is no evidence of an insurer's bad faith conduct, here, the plaintiff had presented evidence it provided State Farm with a report that the roof damage was caused by Hurricane Katrina and an estimate detailing the cost of repair. *Id.* State Farm then hired an expert that concluded the roof was damaged due to improper framing at the time of construction, and denied the claim. *Id.* Finding that the plaintiff provided a proof of loss that the insurer did not pay, the court concluded that summary judgment required a factual determination that it could not decide on the record presented. *Id.* In so holding, the court acknowledged that determining whether State Farm had a "reasonable basis to deny a portion of [the plaintiff's] claims is a factual determination that this Court, considering the record presented, cannot decide on a motion for summary judgment." *Id.*

In its Motion For Summary Judgment, USAA Casualty argues its July 21, 2006 denial of

5

the plaintiffs' claim did not violate the duty of good faith. USAA Casualty hired an engineer to inspect the property and, based on his report that the damage to the plaintiffs' home pre-dated Hurricane Rita, denied the plaintiffs' claim for additional damages.[7] In preparing his report, the engineer interviewed Mr. Davis, who stated that he and his wife evacuated during Hurricane Rita, and when they returned the house was severely damaged. Moreover, during repairs of the home, the plaintiffs informed the engineer that they discovered damage to the beams of the foundation system, drywall cracks, and sticking doors, all of which occurred following the storm.[8] USAA Casualty maintains that its denial was not arbitrary, capricious, and without probable cause because it was based upon the engineer's report. Thus, USAA Casualty seeks summary judgment on this issue.

In Opposition, the plaintiffs present evidence from their expert Charles Norman, as well as deposition testimony from Robert Davis and John Richie, the previous owner. Mr. Norman found that the damage to the home was "directly related to hurricane wind forces."[9] The plaintiffs also submit the deposition of Robert Davis, who testified that the damage was a result of Hurricane Rita, which left his house "destroyed."[10] Moreover, the previous owner, John Richie, who sold the house to the plaintiffs in 2001 or 2002, testified that the house was in good

---

[7] Def.'s Ex. B, p. 2.

[8] *Id.* at 5.

[9] Pl.'s Ex. 1. The damage Mr. Norman found included: twisted beams, cracked sheetrock, misaligned wall frames, distorted doors and windows, and loosening in the upper rood frame.

[10] Pl.'s Ex. 3, p. 36.

6

shape.[11]

The plaintiffs presented a proof of loss that the insurer failed to pay. As in *Hartenstein*, whether USAA Casualty had a reasonable basis to deny coverage of the plaintiffs' claims is a "factual determination that this Court, considering the record presented, cannot decide on a motion for summary judgment."

For the foregoing reasons,

IT IS ORDERED that USAA Casualty's Motion For Summary Judgment [doc. 33] is hereby GRANTED in part and DENIED in part. The Motion is GRANTED insofar as any recovery of penalties under La. Rev. Stat. Ann. § 22:658 is limited twenty-five percent of the amount found to be due under the policy, and an award of attorney fees is not available. This Motion is DENIED insofar as this Court declines to dismiss the plaintiffs' claims under La. Rev. Stat. Ann. §§ 22:658 and 22:1220.

Lake Charles, Louisiana, this 5 day of Sept, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[11] Pl.'s Ex. 4, at p. 8. Mr. Richie testified that if the beams had been twisted when he owned the house, he would have known because the vinyl siding would have popped off. *Id.* at pp. 11-12. He also testified that he did not recall any sheetrock cracking. *Id.* at p. 20.